IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:06-1093-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Stephen Christopher Rice, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Stephen Christopher Rice's ("Rice") motion in limine. Rice's motion seeks an order preventing the government from presenting evidence at trial of Rice's July 14, 2004, prior conviction for "criminal domestic violence" under S.C. Code Ann. § 16-25-20. For the reasons set forth below, the court grants Rice's motion.

In the instant case, Rice is charged with one count of knowingly possessing in and affecting commerce, a firearm and ammunition by a person with a prior conviction of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2), and 924(e) (2000 & West Supp. 2006). "To secure a conviction under § 922(g)(9), the Government must prove three elements beyond a reasonable doubt: (1) that the accused possessed, shipped, or transported a firearm; (2) that the firearm had traveled in or affected interstate commerce; and (3) that the accused had been convicted of a misdemeanor crime of domestic violence." United States v. Hayes, 377 F. Supp. 2d 540, 541 (N.D. W. Va. 2005). The parties agree that whether a predicate offense qualifies as a "misdemeanor crime of domestic violence" is a question of law for the court to decide. See United States v. Artis, No. 04-4879, 2005 WL 1253926, at *1 (4th

1

Cir. May 27, 2005) (unpublished); <u>United States v. Bethurum</u>, 343 F.3d 712, 716 (5th Cir. 2003).

On July 14, 2004, Rice pled guilty to one count of criminal domestic violence pursuant to S.C. Code Ann. § 16-25-20 in the Spartanburg, South Carolina Magistrate Court ("state conviction"). Rice's sentence was as follows: "It is hereby ordered that Defendant be incarcerated for a period of 30 days or pay a fine of $850.00; provided, however, that this sentence shall be suspended upon the condition that Defendant successfully complete a domestic violence treatment program approved by the court and pay a $50 assessment to this court." (Gov't's Ex. 1 (Magistrate Court File 2).)

Section 16-15-20(A) provides that it is unlawful to:

> (1) cause physical harm or injury to a person's own household member; or
> (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril.

S.C. Code Ann. § 16-25-20(A) (2003). The Government argues that this statute constitutes a "misdemeanor crime of domestic violence" for the purposes of 18 U.S.C. § 922(g)(9).

> [T]he term "misdemeanor crime of domestic violence" means an offense that:
> (i) is a misdemeanor under Federal, State, or Tribal law; and
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A) (2000). Therefore, for Rice's state conviction to constitute a misdemeanor crime of domestic violence, S.C. Code Ann. § 16-25-20 must have as an element

either "the use or attempted use of physical force" or "the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A) (2000).

Rice's sentencing order signed by the Magistrate Court indicates that he was "convicted of criminal domestic violence." (Gov't's Ex. 1 (Magistrate Court File 2).) The sentencing order refers to a uniform traffic ticket issued to Rice on December 7, 2003, which charges Rice with criminal domestic violence. (Id. Ex. 1 (Magistrate Court File 1).) Neither document indicates that Rice pled guilty to a particular element or section of S.C. Code Ann. § 16-25-20.

Rice argues that a conviction could arise under section 16-25-20 based upon the "offer . . . to cause physical harm or injury." (Def.'s Mem. Supp. Mot. in Limine 6.) Rice argues that a mere "offer" to cause physical harm or injury is not a misdemeanor crime of domestic violence, as defined in 18 U.S.C. § 921(a)(33)(A), because it does not contain as an element "the use or attempted use of physical force." (Id.) Thus, Rice argues that a conviction could arise under section 16-25-20 which does not qualify as a predicate offense under 18 U.S.C. §§ 921(a)(33)(A). See United States v. Trimble, 415 F. Supp. 2d 1015, 1016-17 (D. Neb. 2006) ("If the government can only prove that the defendant entered a plea of guilty to conduct that does not fall within section 921(a)(33)(A), then the prior offense cannot serve as a predicate offense for the federal prosecution."). In response, the government argues that "offer" should be read as synonymous with "attempt." (Gov't's Mem. Opp'n Mot. in Limine 4.)

The court finds that the word "offer" in section 16-25-20 should be read as encompassing threats of violence as well as attempts of violence, and thus, does not contain as an element the use or attempted use of physical force. In South Carolina, assault is a lesser-included offense of criminal domestic violence and section 16-25-20 "merely includes the

additional element that the person of another be a household member." <u>State v. LaCoste</u>, 553 S.E.2d 464, 472 (S.C. Ct. App. 2001). In other words, criminal domestic violence could be defined as an assault against a household member. Therefore, South Carolina courts' intepretation of what conduct constitutes an "assault" can be applied to interpreting what conduct is encompassed by "criminal domestic violence."

In South Carolina, assault is defined as "an unlawful attempt <u>or offer</u> to commit a violent injury upon the person of another, coupled with a present ability to complete the attempt or offer by a battery." <u>In re McGee</u>, 299 S.E.2d 334, 334 (S.C. 1983) (emphasis added). South Carolina courts have construed this definition of assault to include threats of violence "if by words and conduct a person intentionally creates a reasonable apprehension of bodily harm." <u>Id.</u> Such conduct would not necessarily constitute an attempted use of physical force as required by 18 U.S.C. § 921(a)(33)(A). <u>See</u> <u>Trimble</u>, 415 F. Supp. 2d at 1017 ("[I]f the prior conviction involved only a threat, without a deadly weapon, then that conviction is insufficient to trigger the federal weapons ban."). Therefore, a general conviction under section 16-25-20 could not serve alone as a predicate "misdemeanor crime of domestic violence" as required by 18 U.S.C. § 922(g)(9).

The Government argues that even if a generic conviction under section 16-25-20 cannot serve as a predicate offense, the court record from Rice's state conviction reveals that he, in fact, pled guilty to facts supporting a conviction under section 16-25-20(A)(1), which requires actual physical harm or injury, thus falling within § 921(a)(33)(A). (Gov't Mem. Opp'n Mot. in Limine 4-5.) In support of this argument, the Government submits an incident report generated by Deputy Matt McDaniels of the Spartanburg County Sheriff's Office on December

7, 2006.  (Gov't's Ex. 1 (Magistrate Court File 15).)  This incident report describes the events which led to Rice's charge of violating section 16-25-20 and was kept on file in the Spartanburg Magistrate's Court where Rice was convicted.  (Id. Ex. 1 (Magistrate Court File 15); Gov't's Mem. Opp'n Mot. in Limine 5.)

In Shepard v. United States, 544 U.S. 13, 26 (2005), the United States Supreme Court held that for purposes of determining whether a predicate offense qualifies under the Armed Career Criminal Act as a sentence enhancement, the court's inquiry "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."  In part, the Supreme Court based its holding on the statutory language which "refers to predicate offenses in terms not of prior conduct but of prior convictions and the elements of crimes" and the legislative history which indicated a "preference for a categorical, as distinct from fact-specific, approach to recognizing [Armed Career Criminal Act] predicates . . . ."  Id. at 19 (internal quotation marks omitted).  18 U.S.C. §§ 921(a)(33)(A) and 922(g)(9) contain the same language referencing "convict[ions]," "offense[s]," and "element[s]" as 18 U.S.C. § 924(e), which defined the predicate offenses at issue in Shepard.  Therefore, the court finds that the holding in Shepard is applicable to an inquiry under §§ 921(a)(33)(A) and 922(g)(9) as well.  See Trimble, 415 F. Supp. 2d at 1017 (applying the Shepard limitations to an inquiry into whether a state conviction fell within 18 U.S.C. § 921(a)(33)(A)).

In accordance with the holding in Shepard, in order to prove whether Rice's prior state conviction qualifies as a misdemeanor crime of domestic violence, "the government can only

rely upon the official court record.  That is, the government can only rely upon the charging document, plea transcript, judgment and other similar documents." Trimble, 415 F. Supp. 2d at 1017; see also Shepard, 544 U.S. at 26.  The Government argues that the incident report located in the Spartanburg County Magistrate Court's file should be considered part of the court record in this case.  This argument is without merit.  In Shepard, the Supreme Court explicitly rejected the use of police reports to determine the nature of the offense to which the defendant pled guilty.  544 U.S. at 21.  Further, the government has presented no official court records, such as a transcript of the plea colloquy or a written plea agreement, indicating that Rice adopted the facts of the incident report upon entering his guilty plea.  The only official court records available, the traffic ticket charging Rice and the sentencing order, demonstrate that Rice was charged with and pled guilty to a general conviction under S.C. Code Ann. § 16-25-20. Therefore, Rice's prior state conviction based on a violation of section 16-25-20 does not qualify as a misdemeanor crime of domestic violence pursuant to 18 U.S.C. § 922(g)(9).  Based on the foregoing, Rice's motion in limine is granted.

Therefore, it is

**ORDERED** that Rice's motion in limine, docket number 20, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 16, 2007